UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, )<br>United States Department of Labor, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>KONG CHEF WANG, INC., )<br>KONG XIAN WANG, and )<br>M & W RESTAURANT, INCORPORATED, )<br>HONG'S INC., d/b/a CHEF WANG'S, )<br>MENG "ALLEN" WANG, VICKY CHEN, )<br>DERRICK MILLER, and YOU HONG LIU, )<br>)<br>Defendants ) | CIVIL ACTION<br><br>3:13-CV-00611<br>Sharp/Bryant<br><br><br><br>AGREED ORDER<br>AND<br>PERMANENT INJUNCTION |

## JUDGMENT

Plaintiff, **THOMAS E. PEREZ**, the Secretary of Labor, United States Department of Labor, ("Plaintiff') having filed his Complaint and Defendants **KONG CHEF WANG, INC., M & W RESTAURANT, INCORPORATED, and HONG'S INC., d/b/a CHEF WANG'S**, corporations, and **KONG XIAN WANG, MENG "ALLEN" WANG, VICKY CHEN, DERRICK MILLER, and YOU HONG LIU**, individually (herein "Defendants"), having appeared by counsel, having answered, and having been duly advised in the premises, agree to the entry of this judgment without contest;

**NOW**, therefore, upon motion for the attorneys for Plaintiff and Defendants, and for cause shown, it is hereby:

**ORDERED, ADJUDGED AND DECREED**, pursuant to section 17 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. et seq.)(hereinafter "the Act'), that the Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them are hereby permanently enjoined and restrained from violating the provisions of the Act in any of the following manners:

**I.**

A. Defendants shall not, contrary to sections 6 and 15(a)(2) of the Act [29 U.S.C. §§ 206 and 215(a)(2)], pay any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at a rate less-than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereafter be established by amendment to the Act).

B. Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act [29 U.S.C. §§ 207 and 215(a)(2)], employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in

an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than 40 hours, unless such employee receives compensation for his or her employment in excess of 40 hours at a rate not less than one and one-half times the regular rates at which he or she is employed.

       C. Defendants shall not fail to make, keep and preserve records of their employees and of the wages, hours and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to sections 11(c) and 15(a)(5) of the Act [29 U.S.C. §§ 211(c) and 215(a)(5)] and found at 29 C.P.R. Part 516. This includes, but is not limited to, maintaining records of all hours worked by each employee in each work day and each work week, and records of compensation paid to each employee in each work week, whether payment is made by a payroll check, personal check, cash or a combination thereof. The records maintained by Defendants shall also include but not be limited to, the full name and last known mailing address of all employees, the daily starting and stop time of each employee, and the specific method of payment made to each employee. If the Defendants seek to make use of Section 3(m) of the Act, they shall contemporaneously maintain all required records and timely provide said records within three (3) days of demand by any

3

duly-authorized official of the Wage and Hour Division; if not, any Section 3(m) claim shall be hereby waived.

In addition, Defendants shall post in a conspicuous place, in English, Spanish, and Chinese, posters (which is WH-1088) which provide notice to employees as to their rights and responsibilities under the Act. These posters are available in English, Spanish and Chinese, and can be found at http://www.dol.gov/whd/resources/posters.htm.

**II.**

Defendants shall pay employees for all hours worked in a work week. The hours worked in a work week shall include, but not be limited to, the time the employee arrives at the Defendants' place of business, which is known as **CHEF WANG'S**, currently at 1145 NW Broad Street, Murfreesboro, Tennessee, until the time the employee returns to that location and completes any additional assignments or duties, less any bona fide meal periods.

**III.**

The Defendants hereby acknowledge and the Court finds that Defendants, doing business as **CHEF WANG'S**, are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act.

**IV.**

The Defendants hereby acknowledge and the Court finds that Defendants **KONG XIAN WANG, MENG "ALLEN" WANG, and YOU HONG LIU**, individually, acted directly or indirectly in the interest of the business known as **CHEF WANG'S**, and thereby are each considered to be an "employer" under section 3(d) of the Act and are individually responsible for the obligations contained in this Consent Judgment.

**V.**

In order to ensure compliance with the provisions of this Consent Judgment and with the Act, Defendants further agree as follows:

A. For a period of two (2) years from the date of entry of this Judgment, Defendants shall retain, at their own cost, an independent Wage/Hour consultant, attorney, or certified public accounting firm to conduct bi-annual audits of Defendants' pay practices to determine compliance with the Act. The following requirements apply with respect to the bi-annual audits:

(1) The independent Wage/Hour consultant, attorney, or certified public accounting firm selected by Defendants is subject to the approval of the Wage and Hour Division;

(2) The audits shall include interviews of representative samples of each category of workers (ie. front-of-house and kitchen) and shall be conducted in English, Spanish, or Chinese (depending on the language capability of the worker);

(3) The audit shall also include a review of all payroll records for the previous six month period to determine compliance with the provisions of this Consent Judgment and the recordkeeping regulations of the Department of Labor found at 29 C.F.R. Part 516;

(4) The audits shall be scheduled to ensure the availability of the maximum number of workers for the period of each audit;

(5) The independent auditor shall also conduct training during each audit in the applicable Wage and Hour laws and regulations to any and all supervisors, managers, and assistant managers.

(6) The independent auditor shall prepare an audit report covering the preceding six month period and shall submit the report to the District Director, Nashville District Office, U.S. Department of Labor, Wage and Hour Division, 1321 Murfreesboro Road, Suite 511, Nashville, TN 37217-2626;

(7) The first report will be due within six months of the date of entry of the Consent Judgment by the Court and subsequent reports due each six month period thereafter;

(8) Approval of the auditor or acceptance of the audit reports shall not be construed as acceptance by the Department of Labor (the Plaintiff) of the findings of any audit nor limit in any way the authority of the Plaintiff to enforce the provisions of this Consent Judgment or of the Act and to conduct any investigation or take any remedial actions authorized by the Act.

B. For a period of two (2) years from the date of entry of this Judgment, Defendants shall provide current employees and any new employees with the following information in English, Spanish, or Chinese (depending on the language capabilities of the worker):

(1) A copy of WH-1282 (the Handy Reference Guide to the Fair Labor Standards Act) published by the U.S. Department of Labor which can be found at and ordered through http://www.dol.gov/whd/regs/compliance/wh1282.pdf which sets forth employee's rights and responsibilities under the Act;

(2) A copy of WH-1497, the FLSA AWARE booklet, published by the Department of Labor which can be found at and ordered through http://www.dol.gov/whd/FLSAEmployeeCard/

WrkHrsRecordkeeper.pdf and used by employees in recording hours worked.

(3) The local number for the U.S. Department of Labor, Wage and Hour Division, currently 615-781-5343.

C. Each Defendant shall install, maintain, and use electronic timekeeping equipment in each and every business which the defendant has, or will have, an ownership interest, in order to accurately and fully record all hours worked by all employees in compliance with the Act. Further, Defendants shall provide each employee on each pay date with a pay stub that reflects the specific dates of the pay period, the total hours paid, the rate of pay and the gross amount paid.

**VI.**

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to section 16(c) of the Act, in favor of the Plaintiff and against all corporate Defendants and individual Defendants Kong Xian Wang, Meng "Allen" Wang, and You Hong Liu, jointly and severally, in the total amount of $160,000.00, which consists of backwages in the amount of $139,674.71, plus liquidated damages in the amount of $20,325.29 due employees for the periods of employment and in the amounts indicated with respect to each, as set forth on Schedule "A" attached hereto. The private rights, under the Act, of any employee of Defendants not named or for periods that are not stated in Schedule "A" shall not be

8

terminated or otherwise adversely affected by this proceeding. Defendants specifically agree that the rights of any individuals not named in Schedule "A" to bring an action under Section 16(b) of the Act are hereby resurrected under the Act and the running of the statute of limitations under the Portal-to-Portal Act for any claims they may have against Defendants under the Act are tolled for the period from the date of filing of the Plaintiff's initial Complaint (i.e. June 21, 2013) to the date of entry of this Consent Judgment.

### VII.

The monetary provisions of this judgment shall be paid by the Defendants specifically referenced in Paragraph VI, above, to the Plaintiff as follows:

A. Defendants shall pay the above amounts as identified herein to the Plaintiff in **one initial payment** of **$50,000.00, seventeen additional** monthly installment payments of **$6,111.00**, and **one final** installment payment of $6,113.00. Defendants shall pay the remaining balance due to the Plaintiff in the gross amounts listed according to the installment schedule set forth below:

| GROSS AMOUNT | INSTALLMENT ON OR BEFORE |
|---|---|
| $50,000.00 | DATE OF ENTRY OF CONSENT JUDGMENT, OR OCTOBER 1, 2014, WHICHEVER IS EARLIER |

| | |
|---|---|
| $6,111.00 | November 1, 2014 |
| $6,111.00 | December 1, 2014 |
| $6,111.00 | January 1, 2015 |
| $6,111.00 | February 1, 2015 |
| $6,111.00 | March 1, 2015 |
| $6,111.00 | April 1, 2015 |
| $6,111.00 | May 1, 2015 |
| $6,111.00 | June 1, 2015 |
| $6,111.00 | July 1, 2015 |
| $6,111.00 | August 1, 2015 |
| $6,111.00 | September 1, 2015 |
| $6,111.00 | October 1, 2015 |
| $6,111.00 | November 1, 2015 |
| $6,111.00 | December 1, 2015 |
| $6,111.00 | January 1, 2016 |
| $6,111.00 | February 1, 2016 |
| $6,111.00 | March 1, 2016 |
| $6,113.00 | April 1, 2016 |

**VIII.**

On or before the date of each payment due date referenced above, Defendants shall deliver to Plaintiff a certified check or cashier's check in the gross amount of each installment payment identified herein. Each check shall be made

payable to the order of "The United States Department of Labor-Wage and Hour Division." Defendants' payment for the initial payment and each of the 18 installments shall be sent to the following address: Nashville District Office, U.S. Department of Labor, Wage and Hour Division, 1321 Murfreesboro Road, Suite 511, Nashville, TN 37217-2626. Defendants, along with the initial payment, shall provide to Plaintiff a schedule in duplicate showing the name, last known address and social security number for each employee identified on Schedule "A".

Plaintiff shall distribute the proceeds of initial payments and the installments referenced herein to the persons named on Schedule "A" attached hereto and made a part hereof based upon a pro-rata share of the proceeds recovered (i.e., the initial payment of $50,000.00 represents 31.25 percent (%) of the total amount owed to each affected employee, while each succeeding installment payment represents 3.8 percent (%) of the total amount owed to each affected employee), less applicable deductions for the employees' share of FICA, Medicare and withholding taxes (Defendants shall be responsible for the employer's share of FICA, Medicare and other applicable taxes and any other necessary payments to the appropriate federal and state revenue authorities for the employees listed on Schedule "A" attached hereto) or to their estates, if that be necessary, and any amounts of unpaid overtime compensation and

11

liquidated damages not so paid within a period of three (3) years from the date of receipt thereof shall, pursuant to 16(c) of the Act, be covered into the Treasury as miscellaneous receipts. Defendants shall remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages paid hereunder. For internal processing purposes, Plaintiff may withhold distributions to the employees listed on Schedule "A" until such time as the gross amount of the check(s) received by Defendants exceeds $18,000.00. It is

FURTHER ORDERED that in the event of default by the Defendants in the payment of any of the above-recited installments, the total balance then remaining unpaid shall become due and payable immediately, with no further notice or demand required, and post judgment interest shall be assessed against such remaining unpaid balance, in accordance with 28 U.S.C. § 1961, from the date hereof until paid in full. "Default" will have occurred when Defendants fail to mail or otherwise deliver to Plaintiff the installment payments beginning November 1, 2014, and continuing on or before the first day of the month thereafter until paid in full.

Further, should Defendants fail to comply with any of the terns of this Consent Judgment or the Act, which results in an action filed by Plaintiff in the United States District Court and a finding of a violation entered by the United States

District Court, the entire outstanding amount of unpaid overtime compensation and liquidated damages under the installment agreement referenced herein shall become immediately due and payable, in addition to any monetary findings of the Court.

**IX.**

Finally, in the event that Defendants sell, transfer any interest, liquidate any part of, or otherwise discontinue the operations of the business known as **CHEF WANG'S**, any proceeds from the sale, transfer or liquidation of the business or any of its assets are to be immediately applied to any outstanding balance owed to the Department of Labor under this Consent Judgment. Such sums shall be tendered to the Wage and Hour Division at the address set forth in Paragraph VIII within 30 days of sale, transfer or liquidation. Defendants shall provide written notice of any sale, transfer, liquidation, or discontinuation of business referenced herein within 30 days prior to such action. Written notice should be provided to the attention of the District Director at the address set forth in paragraph V (A)(6) above.

**X.**

Defendants shall not request, solicit, suggest or coerce, directly or indirectly, any employee to return or to offer to return to the Defendants or to someone else for the

Defendants, any money in the form of cash, check or in any other form, for wages previously due or to become due in the future to said employees under the provisions of this judgment or the Act; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check or any other form for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the Act; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate against any such employee because such employee has received or retained money due from the Defendants under the provisions of this judgment or this Act.

## XI.

**FURTHER**, it is agreed by the parties herein and hereby **ORDERED** that each party shall bear such other of its own attorney's fees and expenses incurred by such party in connection with any stage of this case, including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended, and each party shall be responsible for their own court costs.

**FURTHER**, this Court shall retain jurisdiction of this matter to enforce the terms of the Consent Judgment.

This _____ day of _____.

_Kevin H. Sharp_
UNITED STATES DISTRICT JUDGE

Defendants consent to entry of the foregoing Judgment:

_[signature]_
KONG XIAN WANG, Defendant
Individually, and
on behalf of Defendant
Kong Chef Wang, Inc., d/b/a
Chef Wang's

_[signature]_
M&W RESTAURANT, INCORPORATED

_[signature]_
YOU HONG LIU, Defendant
Individually, and
on behalf of Defendant
Hong's, Inc., d/b/a
Chef Wang's

_[signature]_
MING "ALLEN" WANG, Defendant

_____
VICKY CHEN, Defendant

Plaintiff moves for entry of the foregoing Judgment:

M. PATRICIA SMITH
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

THERESA BALL
Associate Regional Solicitor

_[signature]_
NEIL A. MORHOLT
Trial Attorney

LATASHA THOMAS
Trial Attorney

Office of the Solicitor
U.S. Department of Labor
618 Church Street, Suite 230
Nashville, TN 37219
Phone: (615) 781-5330 ext. 234
Fax: (615) 781-5321
Attorneys for Plaintiff

nash.fedcourt@dol.gov
morholt.neil@dol.gov

This _____ day of _____.

                                                                      _____
                                                                       UNITED STATES DISTRICT JUDGE

| Defendants consent to entry of the foregoing Judgment: | Plaintiff moves for entry of the foregoing Judgment: |
|---|---|
| | M. PATRICIA SMITH<br>Solicitor of Labor |
| _____<br>KONG XIAN WANG, Defendant<br>Individually, and<br>on behalf of Defendant<br>Kong Chef Wang, Inc., d/b/a<br>Chef Wang's | STANLEY E. KEEN<br>Regional Solicitor<br><br>THERESA BALL<br>Associate Regional Solicitor |
| _____<br>M&W RESTAURANT, INCORPORATED | _____<br>NEIL A. MORHOLT<br>Trial Attorney |
| _/s/ You Hong Lu_____<br>YOU HONG LU, Defendant<br>Individually, and<br>on behalf of Defendant<br>Hong's, Inc., d/b/a<br>Chef Wang's | LATASHA THOMAS<br>Trial Attorney |
| _____<br>MENG "ALLEN" WANG, Defendant | Office of the Solicitor<br>U.S. Department of Labor<br>618 Church Street, Suite 230<br>Nashville, TN 37219<br>Phone: (615) 781-5330 ext. 234<br>Fax: (615) 781-5321<br>Attorneys for Plaintiff |
| _____<br>VICKY CHEN, Defendant | nash.fedcourt@dol.gov<br>morholt.neil@dol.gov |

This _____ day of _____.

_____
UNITED STATES DISTRICT JUDGE

Defendants consent to entry          Plaintiff moves for entry of
of the foregoing Judgment:           the foregoing Judgment:

                                     M. PATRICIA SMITH
                                     Solicitor of Labor

_____
KONG XIAN WANG, Defendant            STANLEY E. KEEN
Individually, and                    Regional Solicitor
on behalf of Defendant
Kong Chef Wang, Inc., d/b/a
Chef Wang's                          THERESA BALL
                                     Associate Regional Solicitor


_____       _____
M&W RESTAURANT, INCORPORATED         NEIL A. MORHOLT
                                     Trial Attorney


                                     LATASHA THOMAS
_____       Trial Attorney
YOU HONG LIU, Defendant
Individually, and
on behalf of Defendant
Hong's, Inc., d/b/a
Chef Wang's
                                     Office of the Solicitor
                                     U.S. Department of Labor
                                     618 Church Street, Suite 230
                                     Nashville, TN  37219
_____       Phone: (615) 781-5330 ext. 234
MENG "ALLEN" WANG, Defendant         Fax: (615) 781-5321
                                     Attorneys for Plaintiff

*Vicky chen*                         nash.fedcourt@dol.gov
_____       morholt.neil@dol.gov
VICKY CHEN, Defendant

15

_____
DERRICK MILLER, Defendant

_____
JIAN HANG, ESQUIRE
HANG & ASSOCIATES, PLLC
136-18 39th Avenue, Suite 1003
Flushing, New York 11354
Phone: (718)353-8588
Fax: (718)353-6288 (Fax)
Attorney for Defendants
jhang@hanglaw.com

| EMPLOYEE | | PERIOD COVERED | BACKWAGES OWED | LIQUIDATED DAMAGES | TOTAL DUE EMPLOYEE |
|---|---|---|---|---|---|
| BARBEAU | Brigitte | 6/21/10-7/31/10 | $737.74 | $107.41 | $845.15 |
| BARBERIC | Kathleen | 1/22/11-9/17/11 | $983.35 | $143.18 | $1,126.53 |
| BERGOLD | Megan | 6/25/11-9/24/11 | $265.32 | $38.63 | $303.95 |
| BERTRAND | David Y | 4/23/11-4/7/12 | $3,812.20 | $554.68 | $4,366.88 |
| BERTRAND | Tony | 2/19/11-9/17/11 | $2,749.24 | $400.01 | $3,149.25 |
| BILES | Valerie | 7/3/11-10/1/11 | $513.72 | $74.80 | $588.52 |
| BLYTHE | Ambert | 6/21/10-1/8/11 | $3,658.04 | $532.24 | $4,190.28 |
| BRADFORD | Christie | 2/26/11-9/17/11 | $2,961.12 | $430.84 | $3,391.96 |
| BUSBEE | Robert | 4/16/11-7/16/11 | $612.41 | $89.17 | $701.58 |
| CARROLL | Shanice L | 8/28/10-4/7/12 | $4,564.97 | $664.20 | $5,229.17 |
| CHANTARA | Somehai | 10/1/11-12/10/11 | $162.41 | $23.65 | $186.06 |
| COLE | Taylor | 10/29/11-4/14/12 | $1,336.63 | $194.61 | $1,531.24 |
| COX | Stacie | 6/21/10-4/14/12 | $6,084.43 | $885.28 | $6,969.71 |
| CULVER | Tina | 4/9/11-2/25/12 | $3,150.57 | $458.41 | $3,608.98 |
| DAVIS | Elizabeth | 6/21/10-11/6/10 | $784.90 | $114.28 | $899.18 |
| DOZIER | Shawn | 6/21/10-2/12/11 | $2,897.38 | $421.57 | $3,318.95 |
| FEURY | Tonya | 9/18/10-11/20/10 | $700.32 | $101.97 | $802.29 |
| FOOTE | Rhea C | 6/21/10-4/7/12 | $5,343.75 | $777.52 | $6,121.27 |
| FRAZIER | Laronda | 7/17/10-10/1/11 | $1,185.35 | $172.59 | $1,357.94 |
| FUN | Alex | 7/16/11-4/14/12 | $2,633.44 | $383.17 | $3,016.61 |
| FUNKHOUSER | Angela | 6/21/10-4/7/12 | $3,480.54 | $506.42 | $3,986.96 |
| GENTILE | Andrew J | 6/11/11-4/14/12 | $1,981.19 | $288.26 | $2,269.45 |
| GOODWIN | Connor | 10/1/11-11/19/11 | $372.26 | $54.20 | $426.46 |
| GOODWIN | Hunter | 8/13/11-3/17/12 | $2,403.11 | $349.65 | $2,752.76 |
| GUDVANGEN | Cassie | 9/11/10-12/4/10 | $879.25 | $128.02 | $1,007.27 |
| HANCE | Jeoffrey | 10/9/10-12/3/11 | $671.46 | $97.76 | $769.22 |
| HATTEN | Nicole | 12/10/11-4/14/12 | $816.64 | $118.90 | $935.54 |
| HESTER | Gene | 6/18/11-8/13/11 | $664.64 | $96.77 | $761.41 |
| HOLT | Timothy | 6/21/10-5/28/11 | $2,270.40 | $330.34 | $2,600.74 |
| HONEYCUT | Brittni | 6/21/10-5/21/11 | $1,660.23 | $241.56 | $1,901.79 |
| HOOVER | Alexander | 8/21/10-9/4/10 | $41.40 | $6.03 | $47.43 |
| JAMES | Marquis | 3/17/12-4/14/12 | $243.25 | $35.42 | $278.67 |
| JANSALA | Suthaseenee | 6/21/10-7/24/10 | $225.89 | $32.89 | $258.78 |
| KEELE | Monica | 3/17/12-4/14/12 | $250.33 | $36.45 | $286.78 |
| KIMBROUGH | David | 6/21/10-7/24/10 | $225.89 | $32.89 | $258.78 |
| KUROSKI | Kristine | 2/26/11-7/16/11 | $497.35 | $72.41 | $569.76 |
| LEE | Catherine | 6/21/10-8/14/10 | $1,046.20 | $152.93 | $1,198.55 |
| LYNCH | Catreena | 6/21/10-7/3/10 | $113.21 | $16.48 | $129.69 |
| MACK | Keenan | 8/28/10-10/1/11 | $2,628.53 | $382.45 | $3,010.98 |
| MANNING | Miranda | 6/18/11-7/2/11 | $167.82 | $24.43 | $192.25 |
| MARTIN | Amanda | 12/25/10-9/24/11 | $1,503.88 | $218.88 | $1,722.76 |
| MARTINEZ | Sydney | 7/31/10-8/7/10 | $80.30 | $11.69 | $91.99 |
| MEKSAVANG | Virginia S | 1/29/11-6/18/11 | $1,290.27 | $187.86 | $1,478.13 |
| MERRELL | William | 6/21/10-8/6/11 | $3,339.03 | $485.83 | $3,824.86 |
| METZ | Andy | 6/21/10-5/7/11 | $904.17 | $131.65 | $1,035.82 |
| MILLER | Jesse | 6/21/10-4/7/12 | $8,504.67 | $1,237.43 | $9,742.10 |
| MILLER | John | 6/21/10-8/21/10 | $724.15 | $105.44 | $829.59 |
| MILLS | Melissa | 6/21/10-10/1/11 | $2,581.96 | $375.68 | $2,957.64 |
| MOORE | Michael | 8/6/11-4/14/12 | $2,291.28 | $333.38 | $2,624.66 |
| MOORE | Robert | 11/5/11-4/7/12 | $1,530.37 | $222.67 | $1,753.04 |
| NASALROAD | Lorraine | 12/3/11-4/14/12 | $1,857.82 | $270.31 | $2,128.13 |
| PARK | Dylan | 10/23/10-5/7/11 | $77.53 | $11.29 | $88.82 |
| POWELL | Corey | 7/10/10-8/7/10 | $152.62 | $22.22 | $174.84 |
| POWERS | Bethany | 6/21/10-7/10/10 | $53.79 | $7.83 | $61.62 |
| POWERS | Shauntae | 1/29/11-2/26/11 | $100.51 | $14.63 | $115.14 |
| PRATT | Edward | 7/10/10-4/7/12 | $6,119.21 | $890.35 | $7,009.56 |
| PRATT | Reika | 6/21/10-7/10/10 | $53.79 | $7.83 | $61.62 |
| PURVIS | Nicholas | 2/12/11-3/26/11 | $689.09 | $100.33 | $789.42 |
| RAJVONGS | Parichart | 6/21/10-4/23/11 | $2,512.46 | $365.56 | $2,878.02 |
| RICHARDSON | Sam | 6/21/10-7/23/11 | $1,081.95 | $157.53 | $1,239.48 |
| ROBERTS | Michael S | 11/12/11-4/7/12 | $1,005.67 | $146.43 | $1,152.10 |
| ROBERTSON-PAYNE | Hilary | 12/3/11-3/24/12 | $951.56 | $138.55 | $1,090.11 |
| SCHMIDT | Amy | 8/13/11-8/20/11 | $38.13 | $5.55 | $43.68 |
| SCOTT | Thomas | 6/21/10-4/7/12 | $2,332.32 | $339.35 | $2,671.67 |
| SERVIN | Alan | 11/26/11-3/24/12 | $1,559.65 | $226.93 | $1,786.58 |
| SHOREY | Michael | 3/26/11-4/16/11 | $110.98 | $16.16 | $127.14 |
| SILAVONG | Alexandre | 3/26/11-4/16/11 | $609.02 | $88.67 | $697.69 |
| STAFFORD | Kristi | 11/27/10-12/25/10 | $236.78 | $34.48 | $271.26 |
| STATUM | Jonathan | 7/30/11-4/7/12 | $2,935.23 | $427.08 | $3,362.31 |
| STILLS | Jonathan | 8/28/10-4/7/12 | $4,550.62 | $662.12 | $5,212.74 |
| TALATHAM | Nitha | 7/10/10-2/25/12 | $3,579.67 | $520.84 | $4,100.51 |
| TEG | Adam | 10/9/10-1/7/12 | $3,487.66 | $507.45 | $3,995.11 |
| TERRY | Miranda | 8/14/10-4/23/11 | $183.62 | $26.74 | $210.36 |
| THOMPSON | Chelsea | 12/11/10-1/8/11 | $175.55 | $25.56 | $201.11 |
| TILLEY | Tiffany | 7/16/11-4/7/12 | $1,493.23 | $217.34 | $1,710.57 |
| TOWNSEND | Alicia | 4/30/11-9/10/11 | $1,413.03 | $205.67 | $1,618.70 |
| VAUPEL | Jared E | 6/21/10-4/14/12 | $6,992.77 | $1,017.45 | $8,010.22 |
| WEIR | Ian B | 9/18/10-4/14/12 | $4,746.31 | $690.59 | $5,436.90 |
| WHITMAN | Andrew | 10/2/10-10/30/10 | $317.36 | $46.21 | $363.57 |
| YANEY | Samantha | 11/26/11-4/14/12 | $1,368.37 | $199.23 | $1,567.60 |
| YOPP | Nathan II | 8/28/10-12/4/10 | $361.45 | $52.63 | $414.08 |
| TOTALS | | | $139,674.71 | $20,325.29 | $160,000.00 |

SCHEDULE "A"